UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MICHAEL JOHNSON,                                            :
                                                            :
                       Plaintiff,                           :
                                                            :                    **MEMORANDUM & ORDER**
        -against-                                           :
                                                            :                    No. 16 Civ. 6426 (KAM) (VMS)
THE CITY OF NEW YORK, DANIEL A.                             :
NIGRO, in his official capacity as Commissioner             :
of the New York City Fire Department,                       :
MICHAEL GALA, individually and in his official              :
capacity as Deputy Chief in the New York City               :
Fire Department; MICHAEL CURNEEN,                           :
individually and in his official capacity as Captain        :
in the New York City Fire Department, JAKE                  :
LAMONDA, individually and in his official                   :
capacity as an employee of the New York City                :
Fire Department, and JOHN DOE or JANE DOE,                  :
individually and in his or her official capacity as         :
an employee of the New York City Fire                       :
Department,                                                 :
                       Defendants.                          :
----------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Michael Johnson ("Plaintiff") brought this action against the City of New York ("City"), Michael Gala, Michael Curneen, Jake Lamonda,[1] and John Doe or Jane Doe (collectively, "Defendants"), pursuant to 42 U.S.C. § 2000e-3, 42 U.S.C. § 1981, and 42 U.S.C. § 1983, alleging employment discrimination and retaliation. Am. Compl. ¶¶ 68-71, 85-93, ECF No. 23. Presently before the Court is Plaintiff's motion for an order compelling discovery, ECF No. 56 ("Motion to Compel"), and Plaintiff's and Defendants' joint letter regarding discovery, ECF No. 64 ("Joint Letter Regarding Disc."). By his motion, Plaintiff requests that Defendants be compelled to produce complete unredacted copies of certain telephone records for Defendant

---

[1] Defendant Lamonda is represented by private counsel.

1

Curneen's personal cellular telephone and landline; Defendant Gala's two employee-issued cellular telephone, home landline, and office landline; Defendant Lamonda's cellular telephone; and the Battalion 58, Engine 257 and/or Ladder 170 landlines (collectively, "the Requested Telephone Records")[2] for the period of January 1, 2015 through May 31, 2015.

For the following reasons, Plaintiff's request to compel discovery is **granted in part and denied in part**.

### I.     BACKGROUND

Plaintiff was a priority hire firefighter as a result of a class action lawsuit brought against the New York City Fire Department ("FDNY") alleging racially discriminatory hiring practices. See generally United States v. City of New York, No. 07 Civ. 2067 (NGG), 2010 WL 2838386 (E.D.N.Y. July 19, 2010).  Plaintiff alleges that he was retaliated against under Title VII, 42 U.S.C § 2000e-3, and New York City Human Rights Law, N.Y. City Admin Code § 8-107, and that he suffered First Amendment retaliation under 42 U.S.C § 1983 for his membership in and hiring as part of the class.  Am. Compl. ¶¶ 68-93.

Plaintiff claims he was subjected to humiliating tasks, psychiatric examinations and given failing performance evaluations without cause.  Am. Compl. ¶ 3.  Most of his claims, and the present discovery dispute derive primarily from an article published in the New York Post on May 17, 2015 ("the Article") regarding Plaintiff's alleged inclination to avoid fighting fires, including an April 2, 2015 three-alarm fire.  Am. Compl.  ¶ 3; Ex. 1 of Am. Compl; Motion to Compel; Joint Letter Regarding Disc.  In the Article, Plaintiff is described as lazy, "slow and . . . a danger."  Ex. 1 of Am. Compl. at 1.  His medical leave record was revealed, and the Article

---

[2]  Defendants have not raised any issue as to the availability of the records for a City-owned landline.

claimed that he was scared of fires and "flees" from them. Id. The Article quoted several FDNY "sources." Id.

As part of discovery Plaintiff requested executed authorizations to access the telephone records for the work, cellular and personal telephones of Defendants Gala and Cureen, as well as telephone numbers used by Battalion 58, Engine 257 and/or Ladder 170 for the period of January 1, 2015 through May 31, 2015. Motion to Compel at 2. In response, Defendants revealed that Defendant Gala owned two employee-issued cellular telephones, a home landline, and office landline. Joint Letter Regarding Disc at 3. Plaintiff additionally requested records for the same period for Defendant Lamonda's cellular telephone. Id. Defendants objected to these requests, and they refused to turn over telephone records, claiming that the records were "not relevant" and private. Id. After a conference before this Court, Defendants agreed to search the Requested Telephone Records for the entire time period, from January 1, 2015 through May 31, 2015. Id. Plaintiff provided several ingoing or outgoing telephone numbers that were potentially contained in the Requested Telephone Records; however, Plaintiff made clear that he was not limiting his request only to those Requested Telephone Records relating to the provided telephone numbers. Id. at 5. Defendants produced records only for the telephone numbers provided by Plaintiff, failing to include records for other incoming or outgoing telephone numbers that were not identified by Plaintiff but which may have been responsive to Plaintiff's discovery demand.

## II.     DISCUSSION

The scope of discovery in civil litigation is broad, and the purpose of discovery can include fact finding and information gathering, even if the information is not immediately related to the underlying claim. See Rule 26(b) of the Federal Rules of Civil Procedure guides the scope of discovery. The 2015 advisory committee note clarifies:

> After allowing discovery of any matter relevant to any party's claim or defense, the present rule adds: "including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Discovery of such matters is so deeply entrenched in practice that it is no longer necessary to clutter the long text of Rule 26 with these examples. The discovery identified in these examples should still be permitted under the revised rule when relevant and proportional to the needs of the case.

Fed. R. Civ. P. 26. The Local Rules impose further restrictions and set standards for asserting privilege in discovery responses. When asserting privilege and redacting information, required disclosures include:

> For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other

U.S. Dist. Ct. Rules S. & E.D.N.Y., Civ. Rule 26.2(A). The Local Rules also state "[d]iscovery requests shall be read reasonably in the recognition that the attorney serving them generally does not have the information being sought and the attorney receiving them generally does have such information or can obtain it from the client." Local Rule 26.4(b).

Plaintiff is entitled to information that assists him in determining who was involved in creating the Article. Plaintiff alleges in the complaint that there three individuals–Defendants Curneen, Lemonda and Gala–provided personal and confidential information including Plaintiff's medical leave information to the New York Post. Am. Compl. ¶¶ 53, 56. Plaintiff also alleges that Defendant Gala provided a photograph of Plaintiff standing by a firetruck during a fire, and it was used in the Article. Id. ¶ 54. There is sufficient evidence from the Article itself that there were multiple sources (e.g. "FDNY insiders" and "another department source"). It is reasonable for Plaintiff to explore contemporaneous records of possible communications

4

between and among those individuals who appear to have had some involvement with the Article's sourcing. This would be consistent with information already produced in discovery, for example, Defendant Lamonda produced records showing three calls between himself and New York Post journalist Susan Edelman. Joint Letter Regarding Disc. at 4-5. It is possible Defendant Lamonda spoke with others about Plaintiff as well. Thus, Plaintiff's request is not a fishing expedition, Joint Letter Regarding Disc. It is not based on 'pure speculation,' but rather actions related to the claim at issue. Collens v. City of New York, 222 F.R.D. 249, 252-53 (S.D.N.Y 2004).

Defendants argue that should Plaintiff want records for other ingoing or outgoing telephone numbers, he needs to specifically identify those telephone numbers. Id. This response is disingenous as Plaintiff cannot reasonably be expected to know all the relevant numbers while Defendants can be expected to have sufficient information about most of the numbers in the requested records. As Plaintiff does not know all of the ingoing or outgoing telephone numbers for which he seeks records, he requests the complete, unredacted copies of the Requested Telephone Records for the period of January 1, 2015 through May 31, 2015.

Plaintiff requests call logs for specific individuals' home, personal, and/or cellular telephones. The Court finds that these records should be produced without redactions. Defendants have not produced the unredacted Requested Telephone Records on grounds, inter alia, that they would "undoubtedly contain information of a personal nature that is not relevant to this litigation." Joint Letter Regarding Disc. at 2. To the contrary, New York federal courts generally frown upon the practice of redacting unresponsive or irrelevant information. "It is not the practice of this court to permit parties to selectively excise from otherwise discoverable documents those portions that they deem not to be relevant. To do so would require a finding of

5

'good cause' based on a need 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' Fed. R. Civ. P. 26(c)." Howell v. City of New York, No. 06 Civ. 6347 (ERK) (VVP), 2007 WL 2815738, at *2 (E.D.N.Y. Sept. 25, 2007); see In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig., No. 08 Civ. 0333 (RJH) (DFE), 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (denying redactions for relevancy in a case with a stipulated protective order, stating ". . . such redactions are generally unwise. They breed suspicions, and they may deprive the reader of context"). Plaintiff's requests for discovery are reasonable, and Defendants must not be allowed to withhold responsive information simply on grounds that the information would be "irrelevant." Cyris Jewels v. Casner, No. 12 Civ. 1895 (KAM) (SLT), 2016 WL 2962203, at *4 (E.D.N.Y. May 20, 2016).

The Court finds that production of the Requested Telephone Records does not run afoul of any privacy considerations. Although Defendants have asserted that the production of the Requested Telephone Records is an "invasion of Defendants' personal privacy," the Court finds this argument to be conclusory and lacking good cause or claims of privilege as required by Federal and Local Rules. "The City has cited no authority–and the court has found none– upholding a party's right to redact from admittedly responsive and relevant documents information based on that party's unilateral determinations of relevancy." Cyris Jewels, 2016 WL 2962203, at *4. In order to redact for privacy, defendants would have to show good cause, which they have failed to do. See Fed. R. Civ. P. 26(c); Howell, 2007 WL 2815738, at *2. Furthermore, Defendants have not attempted to adhere to Federal and Local redaction or privilege rules. They have not produced information about possibly confidential or privileged calls, such as calls to counsel, doctors or family members.

The Court notes that Defendants were given an opportunity to make a more restricted production but, instead of producing broadly relevant records, they took an inappropriately narrow view of the required production. Those telephone numbers provided by Plaintiff were meant to be demonstrative examples of the types of records Plaintiff seeks, not an exhaustive list. As noted above, putting the onus on Plaintiff to identify the relevant ingoing or outgoing telephone numbers implies that Plaintiff already has access to the evidence needed to identify all relevant numbers. That is not a sensible objection to Plaintiff's demands. Thus, the Court finds that Defendants must provide complete, unredacted copies of the Requested Telephone Records in accordance with Plaintiff's document demands for March 1, 2015 through May 31, 2015. Plaintiff may review the request for an earlier period of discovery if her shows it would be relevant.

### III. CONCLUSION

For the reasons stated herein, this Court **grants in part and denies in part** Plaintiff's motion to compel. Defendants are ordered to produce the unredacted telephone records for Defendant Curneen's personal cellular telephone and landline, Defendant Gala's two employee-issued cellular telephones, home landline, and office landline, Defendant Lamonda's cellular telephone, and the Battalion 58, Engine 257 and/or Ladder 170 landlines from the period of March 1, 2015 to May 31, 2015 to Plaintiff within 30 days of this Memorandum & Order. In the alternative, Defendants can provide releases for these records within five days of the date of this Memorandum & Order. These records may be designated as confidential by Defendants, and, if so, Plaintiff must treat them as confidential material.

Dated: Brooklyn, New York
January 3, 2018

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge