Law Office of<br>
**Nathaniel B. Smith**<br>
Attorney at Law<br>
225 Broadway-Suite 1901<br>
New York, New York 10007

Nathaniel B. Smith　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tel: 212-227-7062
natbsmith@gmail.com　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 212-656-1090

August 7, 2018

Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Courtroom: N504—North Wing
Brooklyn, New York 11201

　　　　　　　　　　　　　　　　　　*Johnson v. City of New York,*
　　　　　　　　　　　　　　　　　　*16-cv-6426 (KAM) (VMS)*

Dear Judge Scanlon:

　　　　As one of plaintiff's attorneys, I am submitting this letter-motion in support of the plaintiff's motion to quash the subpoena served on Peter Gleason, one of the plaintiff's attorneys in this action. The subpoena is attached as *Exhibit 1,* and the grounds for the motion are that the subpoena seeks to invade Mr. Gleason's work product and attorney-client privileges and has been issued for the improper purpose of harassing Mr. Gleason.

　　　　In prior proceedings before the Court last year, the defendants' counsel threatened to issue a subpoena to Mr. Gleason on the ground that he became aware of information about a source for the leaks to the *New York Post* about the plaintiff, leaks which in large part form the backdrop for this litigation. The defendants were particularly animated because Mr. Gleason had previously refused to disclose his impressions and beliefs to the defendants. At an interview of the plaintiff conducted by the FDNY during the course of a BITS investigation into the sources of leaks to the media about the plaintiff, Mr. Gleason told the BITS lawyers who were present at the interview that he knew from his own investigation a source for the leak and that he refused to provide them with the fruits of his investigation.

　　　　Based only on this thread of information about how an attorney obtained information during the course of his representation of a client, the defendants have issued a subpoena to Mr. Gleason to provide testimony as to the "sources(s) used by reporters in connection with the New York Post article, dated May 17, 2015, entitled 'Firefighters Fear Colleague Who Routinely Flees Fires,' the information derived from sources, and the basis of your knowledge." (Subpoena at p. 1; Exh. 1.) The subpoena also seeks the production of Mr. Gleason's office and cellular telephone records for a three-month period from March 1, 2015 through May 31, 2015, a largely irrelevant and highly intrusive demand upon a practicing attorney who has ethical obligations to maintain the confidences of his or her clients. *See* NYS Professional Rule 1.6 (confidentiality of information includes information that could be detrimental to a client)

　　　　The subpoena should be quashed on work product grounds and attorney-client grounds. Ever since the seminal work-product decision in *Hickman v. Taylor*, 329 U. S. 495 (1947), the

LAW OFFICE OF
NATHANIEL B. SMITH

work-product doctrine protects an attorney's fact-finding activities while working for a client. "The work product privilege establishes a zone of privacy for any attorney's preparation to represent a client in anticipation of litigation." *Doe v. United States (In re Grand Jury Subpoena, dated October 22, 2001)*, 282 F. 3d 156, 160 (2d Cir. 2002). Forcing an attorney to testify about his observations and thoughts made during the course of that representation would substantially injury the values that underlie the work product doctrine. *Id.*

In connection with this motion we are requesting leave to file under seal and for *in camera* inspection the declaration by Mr. Gleason, setting forth the background facts relevant to this motion and his representation of the plaintiff. A redacted version of the declaration is attached as *Exhibit 2*.

As previously acknowledged by the defendants, the subpoena seeks to obtain testimony from Mr. Gleason about his thoughts, observations and impressions about who was involved in the media leaks at issue in this case and about the sources of his knowledge. This proposed line of inquiry invades Mr. Gleason's work product and the Court should quash the subpoena. *See, e.g. Sea Tow Int'l, Inc. v. Pontin*, 246 F. R. D. 421, 427 (E.D.N.Y. 2007) (quashing subpoena for deposition of party's attorney because it was clear that most, if not all, of the proposed examination would invade the work-product and attorney-client privileges).

Under established Second Circuit law, the subpoena should also be quashed because depositions of opposing counsel are strongly disfavored and the party seeking the deposition must demonstrate a compelling need for the attorney's deposition. *See, e.g. Ingenito v. Riri USA, Inc.*, 2015 U. S. Dist. Lexis 171728 (E.D.N.Y. Dec. 22, 2015) (quashing subpoena on defense counsel in discrimination action where the plaintiff failed to show a compelling need for the deposition). Here, the defendants cannot demonstrate a compelling need to take Mr. Gleason's deposition because he is not a fact witness to any critical or essential fact, and the facts pertaining to the sources of the leaks can be obtained by depositions or other means.

Another relevant factor considered by the courts in assessing the appropriateness of a proposed deposition of a party's counsel is the stage of discovery in the case. *Id.* at * 27 (citing *In re Subpoena Issued to Dennis Freidman*, 350 F. 3d 65 (2d Cir. 2003)). Here, the parties have not taken any depositions. As such, the stage of the case suggests that the deposition of plaintiff's counsel should not be taken because the depositions of the many fact witnesses in this case may provide the defendants with the information that they claim is required from Mr. Gleason.

Accordingly, the plaintiff requests that the subpoena to Mr. Gleason be quashed. Since the subpoena was not substantially justified, the Court also should impose the costs of filing this motion on the defendants.

Respectfully submitted,

*[signature]*
Nathaniel B. Smith

cc: All Counsel (via ECF)