Law Office of
### Nathaniel B. Smith
Attorney at Law
225 Broadway-Suite 1901
New York, New York 10007

Nathaniel B. Smith
natbsmith@gmail.com

Tel: 212-227-7062
Fax: 212-656-1090

March 1, 2019

Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Courtroom: N504—North Wing
Brooklyn, New York 11201

*Johnson v City of New York*,
*16-cv-6426 (KAM) (VMS)*

Dear Judge Scanlon:

    As one of the plaintiff's counsel in the above-referenced action, I am writing to inform the Court of the status of discovery and to request, on behalf of all parties, that the fact discovery period and other related deadlines be extended 60 days so that the parties can complete fact discovery.

    Since the last conference, the parties have taken the following seven depositions: Plaintiff Michael Johnson; Defendant Michael Gala, Defendant Michael Curneen; Defendant Jake Lemonda City; Defendant James McCarthy; non-party FDNY employee, Gloria Aiken; and non-party FDNY employee, Frank Gribbon. The parties, however, need additional time for the the following additional discovery: (a) the depositions of Defendants Paul Mannix and Defendant James Kearney; (b) the resolution of the issue regarding the plaintiff's subpoena to *New York Post* reporter, Sue Edelman; (c) interrogatories or written questions propounded on the City of New York on its practices and policies regarding the maintenance of BITs investigative files and protection of FDNY priority hires from retaliation; (d) a determination as to whether the defendants want to take additional deposition testimony from the plaintiff about two tape recordings that plaintiff produced after his deposition; and (e) various isolated requests made for additional disclosures made at the depositions.

    The delay in taking the depositions of Defendants Mannix and Kearney was based on the fact that their respective cellular phone carriers have not yet processed the requests for their relevant phone records. We expect to be able to conduct those two depositions and any follow-up on the plaintiff's deposition within the next two or three weeks.

LAW OFFICE OF
**NATHANIEL B. SMITH**

In addition, the plaintiff has already served a subpoena on Sue Edelman of the *New York Post*. I have also provide counsel for the *Post* with the written deposition of Peter Gleason so that they can take an informed decision on our position regarding the reporter's privilege, which is that the privilege was waived when the reporter identified Defendant Lemonda as at least one of her sources for the article about the plaintiff. Finally, I have informed counsel for the *Post* that I was requesting that they inform me formally by March 14th whether they will be producing Sue Edelman for deposition or seeking to quash the subpoena. As a result, I expect that the Post will be filing a motion to quash by March 21st.

Under these circumstances, the parties respectfully request that the fact discovery and other related deadlines be adjourned 60 days. Since there is a status conference scheduled in the action for March 6, 2019, the parties also request that the conference date be adjourned 60 days or a time thereafter consistent with the Court's calendar.

Respectfully submitted,

Nathaniel B. Smith

cc: All Counsel (via ECF)